# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DEREK GALLOP, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV421-082 |
| | ) |
| ASHLEY WOOD, *et al.* | ) |
| | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Derek Gallop, Jr. has filed this 42 U.S.C. § 1983 case alleging various defects in, what appears to be, an ongoing state-court criminal prosecution. *See generally* doc. 1. The Court granted Gallop leave to proceed *in forma pauperis*, doc. 3, and he returned the required forms, docs. 4[1] & 5. He has also moved for appointed counsel. Doc. 6. As explained below, Gallop's motion for counsel is **DENIED**. As further explained, pursuant to the screening required by 28 U.S.C. § 1915A, his Complaint should be **DISMISSED**.

---

[1] Gallop's Prisoner Trust Fund Account Statement is not signed by an officer of the institution. *See* doc. 4. Gallop completed the form and attached a letter that explains that the clerk responsible "refuses to respond" to his request to complete the form. *Id.* at 2.

I.   **Motion to Appoint Counsel**

Gallop's motion requesting appointed counsel states only that he is unable to afford counsel and that his incarceration will limit his ability to litigate the case. *See* doc. 6 at 1. Gallop has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated." *Holzclaw v. Milton*, 2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and

citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee,* 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). As discussed more fully below, Gallop has presented "the essential merits of his position" to the Court. *Id.* While the Court finds that his allegations are not sufficient to sustain his claim, the defects are legal. There is no apparent ambiguity in his Complaint. The facts as presented do not show any "exceptional circumstance" that warrants appointment of counsel. Gallop's motion is, therefore, **DENIED**. Doc. 6.

**II.   Screening**

Turning to the allegations in Gallop's Complaint, he asserts various defects in the investigation leading to his criminal prosecution in state court. *See generally* doc. 1. The Court will review each claim pursuant to 28 U.S.C. § 1915A to determine whether he has stated a colorable claim

for relief under 42 U.S.C. § 1983. Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

**A. Defendants Heap, Odell, Young, and Pannell**

Gallop names as defendants former District Attorney of Chatham County, Georgia Meg Heap, Chatham County Recorder's Court Judge Harris Odell, and a "Judge Willie O. Young."[2] *See* doc. 1 at 1. He alleges that Judge Odell signed defective search warrants. *See id.* at 6. He alleges that Judge Young signed a defective warrant for his arrest. *Id.* at 7. He alleges that Heap "still chose to prosecute" him, despite her alleged awareness of defects in his indictment. *See id.* at 8. The

---

[2] The Complaint alleges that "Willie O. Young" is a Recorder's Court Judge. *See* doc. 1 at 4. The Court is not aware of any Chatham County Recorder's Court Judge by that name. *See Recorder's Court Judiciary*, https://www.savannahga.gov/824/Recorders-Court-Judiciary (last visited Feb. 1, 2022) (listing Hon. Tammy Stokes, Hon. Claire Cornwell-Williams, and Hon. Harris Odell, Jr. as Recorder's Court judges). The Court, however, assumes that defendant Young is a Recorder's Court judge for purposes of this screening.

4

Complaint identifies James L. Pannell as "foreperson of [Gallop's] grand jury indictment." *Id.* at 4. Gallop alleges that Pannell, along with Heap, is responsible for his "fraudulent and false indictment." *Id.* at 7.

Judges, including Recorder's Court judges, are generally immune from suit unless they act in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction, *see Stump*, 435 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986), and extends to all claims, whether for damages or for injunctive relief, *Bolin v. Story*, 225 F.3d 1234, 1239–42 (11th Cir. 2000); *see also McMillian v. City of Rockmart*, 653 F.2d 907, 910 (5th Cir. 1981) ("the judge of the recorder's court [has] absolute immunity for [his] official acts"). *Cf. Griffin v. City of Brunswick, Ga.*, 2005 WL 3272461, at \* 4 (S.D. Ga. Nov. 30, 2005) (noting that the Georgia Supreme Court has recognized judicial immunity of recorder's court judges (citing *Calhoun v. Little*, 32 S.E. 86 (1898)).

Prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution." *Id.* This immunity "extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Id.* (citation omitted).

> Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. A prosecutor is immune for malicious prosecution. Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing.

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted); *see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor entitled to immunity from § 1983 liability for allegedly conspiring to withhold evidence and to create and proffer perjured testimony); *Jackson v. Capraun*, 534 F. App'x

854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent).

Finally, "Grand jurors are absolutely immune from liability for actions arising out of their service[.]" *Risks v. Ellender*, 2017 WL 3048648, at * 2 (W.D. La. June 12, 2017); *see also Imbler v. Pachtman*, 424 U.S. 409, 422-23, 423 n. 20 (1976) ("The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties," and noting in the footnote that grand jurors' immunity is "almost equally venerable" to judicial immunity); *Watson v. Fla. Jud. Qualifications Comm'n*, 746 F. App'x 821, 824 (11th Cir. 2018) ("[A]bsolute immunity has been extended to state court judges, administrative law judges and federal hearing examiners, federal and state prosecutors, grand jurors and witnesses testifying in judicial proceedings.").

Since Gallop alleges that defendants Odell and Young are liable based on their exercise of a judicial function, *i.e.* issuing warrants, *see* doc. 1 at 6-7, they are immune and the claims against them should be **DISMISSED**. Similarly, since his only allegation against Defendant

Heap arises from her initiation of the prosecution against him, *see id.* at 7-8, she is also immune and any claim against her should be **DISMISSED**. Finally, since his only allegation against Defendant Pannell arises from his service as foreperson of a grand jury, *see id.* at 7, he is also immune and any claim against him should be **DISMISSED**.

### B. Claims Related to Prosecution

In addition to the immune defendants, discussed above, Gallop has also named Detective Ashley Wood. *See* doc. 1 at 4. He alleges that Wood conducted a "photo lineup" where a witness identified Gallop as the party responsible for a shooting. *See id.* at 6. He also alleges that Wood knew that the witness had previously provided information that Gallop contends was inconsistent with his identification. *See id.* He contends that that inconsistency "shows proof that [Wood] coerced [the witness] to identify Derek Gallop[,] Jr. as being one of the shooters . . . ." *Id.* He also contends that Wood procured a warrant for his arrest, despite "knowing that there was no probable cause to arrest him . . . ." *Id.* at 7. Whatever purported probable cause Wood submitted in support of the arrest warrant, Gallop clearly alleges that "Judge Young" signed it. *Id.* The relief Gallop seeks is "that the court dismiss [his] case, release [him]

immediately, and pay [him] a million dollars for every year [he has] been locked up." *Id.* at 9.

Gallop alleges claims for "false arrest" and "malicious prosecution" in a wholly conclusory fashion. *See* doc. 1 at 6-8. Any claim for false arrest fails because Gallop alleges he was arrested pursuant to a warrant, albeit an allegedly invalid one. *See, e.g., Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) ("The issuance of a warrant—even an invalid one as [the plaintiff] alleges was issued here—constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest."). The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). An essential element of a malicious prosecution claim, however, is the termination of the criminal prosecution in the plaintiff's favor. *Id.* at 882. Gallop's request that the criminal case against him be dismissed, *see* doc. 1 at 9, positively contradicts any contention that the case has been resolved in his favor. Accordingly, he fails to state a claim for either false

9

arrest or malicious prosecution and any such claim should be **DISMISSED**.

Moreover, to the extent that Gallop asks this Court to weigh in on the propriety of state proceedings against him, any ruling by this Court could substantially interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether abstention is appropriate). Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. Plaintiff, obviously, remains free to allege the same constitutional violations at issue here in his state criminal proceedings. He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury. *Younger*. 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal

sense of that term."). Thus, these are arguments for the state court. *See also Heck v. Humphrey*, 512 U.S. 477, 487 n. 8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings.").[3] Any claim regarding procedural or evidentiary defects in his criminal proceedings must, therefore, be **DISMISSED**.

### III. Conclusion

Gallop's Complaint should be **DISMISSED**.[4] Defendants Heap, Odell, Pannell, and "Young," taking the allegations in the Complaint as

---

[3] Indeed, to the extent that his allegations implicate the validity of his continued detention and he seeks immediate release, § 1983 affords Gallop no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck*, 512 U.S. at 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

[4] Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation within fourteen days of service, *see infra*, affords him an opportunity to resuscitate his case. He may also submit a Second Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163, at *2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19,

true, are all absolutely immune from suit. Although Defendant Wood is not immune from suit, Gallop has failed to allege either a false arrest or malicious prosecution claim against her. Those claims should, therefore, be **DISMISSED**. To the extent that Gallop alleges constitutional violations in the ongoing criminal prosecution against him in state court, the Court must abstain from interfering in that proceeding. Any residual claims related to the prosecution should, therefore, also be **DISMISSED**.

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects an average monthly balance of $200.00 over the six-month period prior to the date of his Prison Account Statement.[5] Doc. 4. He therefore owes a $40.00 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Furthermore, Plaintiff's custodian (or designee) shall therefore set aside 20 percent of all future deposits to

---

2011)).

[5] As noted above, Gallop's Trust Account Statement is not signed by the official responsible for the trust account. *See supra* at 1 n. 1. Gallop has clearly stated his average monthly balance as $200.00. The Court will accept that representation. Since his statement that he received a single $200.00 deposit "on December 2020," does not meaningfully indicate the average monthly deposits to his account, the Court relies on the disclosed balance for purposes of calculating his filing fee.

his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[6]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

---

[6] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

13

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 3rd day of February, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA